[No. 1845.]

CHARLES JOHNSON *v.* THE STATE.

1. PLEADING.— INFORMATION charging a misdemeanor must show on its face that the charge is made by the State's attorney, and not leave it questionable whether such charge was made by that officer or by the complainant who made the oath in writing upon which the information is based. Uncertainty in this respect is fatal to the sufficiency of an information.

2. SAME.— Note in the opinion the suggestion of this court that it is wholly unnecessary for an information to state that it is founded upon a complaint in writing under oath, or to make any mention whatever of the oath. The law requires no more than that the oath be filed with the information.

APPEAL from the County Court of Hunt. Tried below before the Hon. J. S. Sherrell, County Judge.

. The conviction in this case was for an aggravated assault and battery upon the person of Jeff Daniels. A fine of $5 was imposed.

The charging part of the information reads as follows: "Sam D. Stinson, county attorney in and for Hunt county and State of Texas, duly elected and qualified, now here in the county court of said county and State, does present this information, founded upon testimony taken in behalf of said State, under oath according to law (which testimony is herewith filed), and shows to the court, that in Hunt county and State of Texas, on or about the 11th day of August, 1883, Charles Johnson did then and there unlawfully make an aggravated assault and battery upon the person of Jeff Daniels, with a piece of iron, the same then and there being a deadly weapon; against the peace and dignity of the State."

The motions to quash the information, for new trial and in arrest of judgment raised the question upon which the opinion of the court is based.

*E. B. Perkins* and *E. W. Terhune*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. In affirming the judgment in this case on a previous day of this term, we committed an error in holding that the information is sufficient. Our attention has been called to this error in a motion for rehearing.

It is uncertain from the language of the information whether the charge against the defendant is made by the county attorney or by the complainant who made the oath in writing, upon which the information is based. The law requires that the prosecuting officer who presents the information shall make the charge, and it must clearly appear from the language of the information that he does so. This precise question has been several times determined by this court. (*Profit* v. *The State*, 12 Texas Ct. App., 234; *Allen* v. *The State*, 13 Texas Ct. App., 28; *Thompson* v. *The State*, 15 Texas Ct. App., 39.)

We take occasion here to remark that, in our opinion, it is wholly unnecessary to state in the information that it is founded upon complaint in writing under oath, or to make any mention whatever of the oath. This is not one of the requisites of an information. (Code Crim. Proc., art. 430.) If the oath is filed with the informa-

tion, it is all that the law requires in this respect. (Code Crim. Proc., art. 431.)

The motion for rehearing is granted, and, because the information is fatally defective, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered November 29, 1884.]